NOT DESIGNATED FOR PUBLICATION

No. 128,330

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

THOMAS COLE GARRISON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE YOUNG, judge. Submitted without oral argument. Opinion filed July 10, 2026. Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Tyler W. Winslow*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ISHERWOOD and HURST, JJ.

PER CURIAM: Thomas Garrison appeals his conviction for possession of methamphetamine, claiming the evidence at trial was insufficient to show he—rather than someone else—possessed the substance. After carefully reviewing the trial record and the parties' arguments, we affirm Garrison's conviction.

In December 2023, Salina police responded to Salina Regional Hospital for a reported rape. A woman we call Jane (a pseudonym) reported to police that Garrison, the father of her child, had raped Jane at their house in Salina. Jane also expressed some feelings of guilt because she had an active protection-from-abuse order against Garrison

1

but remained in contact with him. The next day, police obtained a search warrant for the house.

A few officers went to the house while they were waiting for a search warrant to be issued. While waiting, the officers witnessed a woman (not Jane) leave the house. The officers stopped the woman and searched her person, finding two syringes. They took the woman's contact information and allowed her to leave. Police also observed a man leave the home, though the State presented no evidence related to him other than his presence at the home. After the police received the warrant, the officers knocked loudly on the front door and announced they had a search warrant. When no one answered, the officers forcibly opened the door and entered.

The searching officers found Garrison alone at home, on the bed in the front bedroom. They arrested him and searched the bedroom for evidence related to Jane's rape allegations. They found some of Jane's clothing on the bed, along with a clear glass pipe with what was later confirmed to be methamphetamine residue. This pipe was "right next to" where Garrison had been when they entered. The officers documented the pipe's location with photographs, which were later presented to the jury.

The State charged Garrison with several crimes, including rape (based on Jane's allegations) and possession of methamphetamine (based on Garrison's proximity to the pipe containing methamphetamine). At trial, the officers who searched the home subject to the warrant testified about their experiences. Jane also testified, admitting she had smoked methamphetamine a few days before the incident and that she had lied to a nurse about the last time she had used the drug. Jane explained that Garrison "was supposed to get more" methamphetamine after she had used the drug. The State also played a video for the jury showing Garrison's interactions with police after his arrest. During closing argument, Garrison's attorney argued that the jury could "watch that video and tell that

Mr. Garrison's clearly under the influence of a substance. I don't think there's probably any doubt after [Jane]'s testimony what that substance is."

After considering this evidence, the jury found that Garrison was not guilty of rape and several other charges. But the jury found Garrison guilty of possessing methamphetamine, as well as seven counts of violating a protection-from-abuse order.

On appeal, Garrison challenges only his conviction for possession of methamphetamine. He argues that the State failed to prove beyond a reasonable doubt that *he*—rather than Jane or either of the people the officers saw leave the house— possessed the pipe and methamphetamine the officers found during their search. In particular, Garrison notes that the pipe could have belonged to either of the individuals the police saw leaving the house, emphasizing that the woman was carrying syringes on her person. He also points out that Jane had items of clothing on the same bed where the officers found the pipe during their search and admitted to smoking methamphetamine a few days before. Garrison asserts the pipe containing methamphetamine could have been under the bed sheets without his knowledge.

The State responds that the jury could reasonably infer that Garrison attempted to hide the pipe from plain view by hiding it under a sheet. And the State points out that there was evidence from which the jury could conclude that Garrison was under the influence of methamphetamine when police arrested him. We agree.

When a defendant challenges the sufficiency of the evidence to support their conviction, an appellate court reviews the evidence "in a light most favorable to the State" to determine whether a rational factfinder "could have found the defendant guilty beyond a reasonable doubt." *State v. Rosa*, 304 Kan. 429, Syl. ¶ 1, 371 P.3d 915 (2016). Practically speaking, this standard requires us to affirm a conviction on sufficiency grounds as long as there is some evidence in the record to support each element of the

3

offense. See *State v. Parker*, 309 Kan. 1, 13, 430 P.3d 975 (2018) ("To meet the sufficiency standard, evidence must support each element of a crime."). In the context of this case, that means that the evidence is sufficient to support Garrison's conviction if there is some evidence showing he possessed the pipe containing methamphetamine.

While the evidence at trial showed that people other than Garrison had been in the home, there was nevertheless circumstantial evidence linking the pipe to Garrison himself. Indeed, as our caselaw recognizes, a jury may draw inferences from the defendant's conduct and the circumstances surrounding the location of a substance to determine possession. See *State v. Dean*, 42 Kan. App. 2d 32, 38-39, 208 P.3d 343 (2009) (recognizing that relevant circumstances may include a defendant's current use of drugs, proximity to where the drugs were found, and whether the drugs were in plain view).

Here, the State showed more than Garrison's proximity to the methamphetamine. The officers' bodycam footage showed that Garrison was under the influence of some substance—a reality Garrison's attorney acknowledged at trial. The jury, after watching the video, could have concluded that Garrison had recently used methamphetamine. And the pipe with methamphetamine residue lay on the bed where Garrison sat, alone in the house and visibly intoxicated. This combination was sufficient to support the jury's finding of possession.

Kansas appellate courts do not reweigh evidence, independently evaluate the credibility of witnesses, or make factual conclusions. *State v. Keel*, 302 Kan. 560, 566, 357 P.3d 251 (2015). Instead, we determine whether there was evidence, viewed in the light most favorable to the State, to support the jury's verdict. See *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018). Applying that standard here, we conclude that the evidence presented at trial was sufficient to show Garrison possessed methamphetamine.

4

Affirmed.